(Official Form 1) (12/03)

FORM B1

| United States Bankruptcy Court<br>Northern District of Illinois<br>Eastern Division | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Gudejko, Sr., Kevin P.** | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>**Gudejko, Dawn M.** |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**None** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**Dawn M. Berger-Gudejko** |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**4547, None** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if<br>more than one, state all):<br>**8312, None** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**1471 Columbia Lane<br>Barrington, Illinois 60010** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**1471 Columbia Lane<br>Barrington, Illinois 60010** |
| County of Residence or of the<br>Principal Place of Business: **Cook** | County of Residence or of the<br>Principal Place of Business: **Cook** |
| Mailing Address of Debtor (if different from street address):<br>**Same** | Mailing Address of Joint Debtor (if different from street address):<br>**Same** |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) | | |
|---|---|---|---|---|
| ☒ Individual(s) | ☐ Railroad | ☐ Chapter 7 | ☐ Chapter 11 | ☒ Chapter 13 |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9 | ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | | |
| ☐ Other _____ | ☐ Clearing Bank | | | |

| **Nature of Debts** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| ☒ Consumer/Non-Business | ☐ Business | ☒ Full Filing Fee Attached |

**Chapter 11 Small Business** (Check all boxes that apply)

☐ Debtor is a small business as defined in 11 U.S.C. § 101

☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

☐ Filing Fee to be paid in installments (Applicable to individuals only)
Must attach signed application for the court's consideration certifying
that the debtor is unable to pay fee except in installments.
Rule 1006(b). See Official Form No. 3.

**Statistical/Administrative Information** (Estimates only)

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will
be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000 |
|---|---|---|---|---|---|---|
| | ☐ | ☒ | ☐ | ☐ | ☐ | |

| Estimated Assets | | | | | | |
|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,001<br>$100 |
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | |

| Estimated Debts | | | | | | |
|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000<br>$100 |
| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | |

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 01/07/2005
Time: 14:16:26
Debtor: KEVIN P GUDEJKO
Case: 05-00542    Fee : 194
Chapter: 13 Rec. # : 3118438
Judge: A Benjamin Goldgar
341 mtg: 01/31/2005 @ 01:00PM
ConfHrg: 02/08/2005 @ 11:00AM
Trustee: TOM VAUGHN

1:05BK00542-BK001

(Official Form 1) (12/03)                                                                    FORM B1, Page 2

| Voluntary Petition *(This page must be completed and filed in every case)* | Name of Debtor(s) **Kevin P. Gudejko, Sr., Dawn M. Gudejko** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)** | | |
|---|---|---|
| Location Where Filed:   **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____  Sr.
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

Date   1-3-05

X _____  Signature of Attorney
Signature of Attorney for Debtor(s)

**Lester A. Ottenheimer III, 3127572**
Printed Name of Attorney for Debtor(s) / Bar No.

**Ottenheimer Teplinsky Rosenbloom Law**
Firm Name

**750 Lake Cook Road  Suite 140**
Address

**Buffalo Grove, Illinois  60089**

**847-520-9400**                    **847-520-9411**
Telephone Number

Date   1/3/05

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____   1/3/05
Signature of Attorney for Debtor(s)         Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?
☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X **Not Applicable**
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

Form B6
(6/90)

# United States Bankruptcy Court
## Northern District of Illinois
## Eastern Division

In re   **Kevin P. Gudejko, Sr.**          **Dawn M. Gudejko**          Case No.

Chapter   **13**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 1,100,000.00 | | |
| B - Personal Property | YES | 3 | $ 36,852.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 764,420.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 22,104.78 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $ 200,208.58 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 13,246.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 10,449.00 |
| Total Number of sheets in ALL Schedules > | | 16 | | | |
| Total Assets > | | | $ 1,136,852.00 | | |
| Total Liabilities > | | | | $ 986,733.36 | |

FORM B6A.
(6/90)

In re:  **Kevin P. Gudejko, Sr.**                    **Dawn M. Gudejko**          ,   Case No. _____
           **Debtor**                                                                              **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **134 Craft Street, Newtonville, Massachusetts** | Husband has 1/5 interest in his mother's residence | | $ 350,000.00 | $ 58,000.00 |
| **Debtors' residence at 1471 Columbia Lane, Barrington, Illinois** | Owned by Husband | **H** | $ 750,000.00 | $ 682,000.00 |
| | | Total ➤ | $1,100,000.00 | |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re  **Kevin P. Gudejko, Sr.**          **Dawn M. Gudejko**       ,   **Case No.** _____
      Debtor                                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | Cash on Debtor's person | J | 50.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account at Bank One | J | 100.00 |
| | | Savings account at Bank One | J | 2.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | 3 sets of bedroom furniture, kitchen table and chairs, 3 TV's, 2 DVD's, 1 VCR, 1 stereo, 1 computer, printer and monitor, living room furniture, family room furniture, miscellaneous tables and chairs and miscellaneous appliances. | J | 1,200.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Miscellaneous pictures | J | 300.00 |
| 6. Wearing apparel. | | Miscellaneous wearing apparel | J | 200.00 |
| 7. Furs and jewelry. | | 2 watches, 1 wedding ring, miscellaneous costume jewelry | J | 750.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Gudejko Restaurant Corp. 1, 2, 3, 4 and 5 | J | 0.00 |
| | | KXC Corp. | J | 0.00 |

FORM B6B
(10/89)

In re  **Kevin P. Gudejko, Sr.**                          **Dawn M. Gudejko**          ,   **Case No.** _____
                    Debtor                                                                                  (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13. Interests in partnerships or joint ventures. Itemize. | | **Joint venture partner in Carrabba's Italian Grill** | J | 0.00 |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2000 Audi A-6 (150,000 miles)** | J | 9,000.00 |
| | | **2000 Lexus LX470 (leased) (50,000 miles)** | J | 25,000.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | **1 desk, 1 chair, 1 file cabinet** | J | 50.00 |

FORM B6B
(10/89)

In re **Kevin P. Gudejko, Sr.**          **Dawn M. Gudejko**          **Case No.** _____
_____Debtor_____                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested.  Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed.  Itemize. | | **Patio furniture, miscellaneous tools** | J | 200.00 |

_2_   continuation sheets attached          Total  ＞          $ 36,852.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6C
(6/90)

In re **Kevin P. Gudejko, Sr.**          **Dawn M. Gudejko**          , Case No. _____
                                   Debtor.                                          (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)     Exemptions provided in 11 U.S.C. § 522(d).   Note: These exemptions are available only in certain states.

☑ 11 U.S.C. § 522(b)(2)     Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile
                            has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the
                            180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the
                            extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| 1 desk, 1 chair, 1 file cabinet | 735 ILCS 5/12-1001(d) | 50.00 | 50.00 |
| 2 watches, 1 wedding ring, miscellaneous costume jewelry | 735 ILCS 5/12-1001(b) | 750.00 | 750.00 |
| 2000 Audi A-6 (150,000 miles) | 735 ILCS 5/12-1001(b) | 1,200.00 | 9,000.00 |
| 2000 Lexus LX470 (leased) (50,000 miles) | 735 ILCS 5/12-1001(b) | 1,200.00 | 25,000.00 |
| 3 sets of bedroom furniture, kitchen table and chairs, 3 TV's, 2 DVD's, 1 VCR, 1 stereo, 1 computer, printer and monitor, living room furniture, family room furniture, miscellaneous tables and chairs and miscellaneous appliances. | 735 ILCS 5/12-1001(b) | 1,200.00 | 1,200.00 |
| Cash on Debtor's person | 735 ILCS 5/12-1001(b) | 50.00 | 50.00 |
| Checking account at Bank One | 735 ILCS 5/12-1001(b) | 100.00 | 100.00 |
| NONE | 735 ILCS 5/12-901 | 7,500.00 | 750,000.00 |
| Joint venture partner in Carrabba's Italian Grill | 735 ILCS 5/12-1001(b) | 0.00 | 0.00 |
| KXC Corp. | 735 ILCS 5/12-1001(b) | 0.00 | 0.00 |
| Miscellaneous pictures | 735 ILCS 5/12-1001(b) | 300.00 | 300.00 |
| Miscellaneous wearing apparel | 735 ILCS 5/12-1001(b) | 200.00 | 200.00 |
| Patio furniture, miscellaneous tools | 735 ILCS 5/12-1001(b) | 0.00 | 200.00 |
| Savings account at Bank One | 735 ILCS 5/12-1001(b) | 2.00 | 2.00 |

FORM B6D
(12/03)

In re: __Kevin P. Gudejko, Sr.__     __Dawn M. Gudejko__ ,     Case No. _____

       Debtor                                                                       (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **Audi Financial** P. O. Box 0549 Carol Stream, Illinois 60132 | | J | Automobile loan 2000 Audi A-6 (150,000 miles) VALUE $9,000.00 | | | | 18,915.00 | 0.00 |
| ACCOUNT NO. **EMC Mortgage** P. O. Box 6120 Covina, California 91722 | | J | Mortgage VALUE $350,000.00 | | | | 58,000.00 | 0.00 |
| ACCOUNT NO. **Lexis Financial** P. O. Box 4102 Carol Stream, Illinois 60197 | | J | Automobile lease 2000 Lexus LX470 (leased) (50,000 miles) VALUE $25,000.00 | | | | 9,505.00 | 0.00 |
| ACCOUNT NO. **Washington Mutual** P. O. Box 70308 Charlotte, North Carolina 28272 | | | Second Mortgage Debtors' residence at 1471 Columbia Lane, Barrington, Illinois VALUE $750,000.00 | | | | 98,000.00 | 0.00 |
| ACCOUNT NO. **Washington Mutual** P. O. Box 70308 Charlotte, North Carolina 28272 | | | First Mortgage Debtors' residence at 1471 Columbia Lane, Barrington, Illinois VALUE $750,000.00 | | | | 580,000.00 | 0.00 |

<u>0</u> Continuation sheets attached

| | |
|---|---|
| Subtotal ➤ (Total of this page) | **$764,420.00** |
| Total ➤ (Use only on last page) | **$764,420.00** |

(Report total also on Summary of Schedules)

Form 6E
(04/04)

In re   **Kevin P. Gudejko, Sr.**                    **Dawn M. Gudeiko**                    Case No. _____
                    Debtor                                                                                          (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**       (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐  **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐  **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐  **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  Continuation sheets attached

Form B6E - Cont.
(04/04)

In re **Kevin P. Gudejko, Sr.**          **Dawn M. Gudejko**                    ,   Case No.
                Debtor                                                                        (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Illinois Dept. of Revenue<br>P. O. Box 19025<br>Springfield, Illinois  62794 | | J | 2002 State Income taxes | | | | 5,222.00 | 0.00 |
| ACCOUNT NO.<br><br>Internal Revenue Service<br>230 S. Dearborn Street<br>Chicago, Illinois  60603 | | | 2002 Federal taxes | | | | 3,637.78 | 3,637.78 |
| ACCOUNT NO.<br><br>Internal Revenue Service<br>230 S. Dearborn Street<br>Chicago, Illinois  60603 | | | 2002 Federal taxes | | | | 13,245.00 | 13,245.00 |

Sheet no.  1 of  1 sheets attached to Schedule of Creditors Holding Priority Claims

Subtotal >  | $22,104.78 |
(Total of this page)

Total >  | $22,104.78 |
(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules)

Form B6F (12/03)

In re **Kevin P. Gudejko, Sr.**       **Dawn M. Gudejko**     ,    Case No. _____

      Debtor                                                         (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> **American Express** <br> P. O. Box 650448 <br> Dallas, Texas 75265 | | J | Miscellaneous charges | | | | 41,371.18 |
| ACCOUNT NO. <br> **American Express** <br> P. O. Box 360002 <br> Ft. Lauderdale, FL 33336 | | J | Miscellaneous charges | | | | 24,925.53 |
| ACCOUNT NO. <br> **Bank of America** <br> P. O. Box 5270 <br> Carol Stream, Illinois 60197 | | J | Miscellaneous charges | | | | 11,526.32 |
| ACCOUNT NO. <br> **Bank of America** <br> P. O. Box 5270 <br> Carol Stream, Illinois 60197 | | J | Miscellaneous charges | | | | 12,704.00 |
| ACCOUNT NO. <br> **Bank One** <br> Card Member Service <br> P. O. Box 15153 <br> Wilmington, Delaware 19886 | | J | Miscellaneous charges | | | | 12,528.50 |

**3** Continuation sheets attached

Subtotal   ►

Total   ►

$103,055.53

Form B6F - Cont.
(12/03)

In re **Kevin P. Gudejko, Sr.** _____ **Dawn M. Gudejko** _____ ,   Case No. _____
Debtor                                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | J | | | | | 473.00 |
| C.D.S.I. Urgent Payments 111 Sylvan Avenue Englewood Cliffs, NJ 07632 | | | Miscellaneous charges | | | | |
| ACCOUNT NO. | | J | | | | | 2,194.96 |
| Chase P. O. Box 52095 Phoenix, Arizona 85072 | | | Miscellaneous charges | | | | |
| ACCOUNT NO. | | J | | | | | 50.00 |
| Children's Memorial Hospital 2300 Children's Plaza Chicago, Illinois 60614 | | | Medical services | | | | |
| ACCOUNT NO. | | J | | | | | 15,591.43 |
| Citicard P. O. Box 6403 The Lakes, Nevada 88901 | | | Miscellaneous charges | | | | |
| ACCOUNT NO. | | J | | | | | 8,960.98 |
| Discover P. O. Box 30395 Salt Lake City, Utah 84130 | | | Miscellaneous charges | | | | |

Sheet no. _1_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤
(Total of this page)

| $27,270.37 |
|---|

Total ➤
(Use only on last page of the completed Schedule F.)

| |
|---|

Form B6F - Cont.
(12/03)

In re   **Kevin P. Gudejko, Sr.**                    **Dawn M. Gudejko**                    ,   Case No. _____
           Debtor                                                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **Expo Credit Services** **Processing Service Center** **Des Moines, Iowa  50364** | | J | **Miscellaneous charges** | | | | 781.49 |
| ACCOUNT NO. **Fleet Credit Card Service** **P. O. Box 15368** **Wilmington, Delaware  19886** | | J | **Miscellaneous charges** | | | | 14,583.52 |
| ACCOUNT NO. **Gap Card** **P. O. Box 530993** **Atlanta, Georgia  30353** | | J | **Miscellaneous charges** | | | | 1,366.36 |
| ACCOUNT NO. **Kay Jewelers** **P. O. Box 740425** **Cincinnati, Ohio  45274** | | J | **Miscellaneous purchases** | | | | 1,114.23 |
| ACCOUNT NO. **MBNA America** **P. O. Box 15102** **Wilmington, Delaware  19886** | | J | **Miscellaneous charges** | | | | 18,542.68 |

Sheet no. _2_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page)

$36,388.28

Total ➤ (Use only on last page of the completed Schedule F.)

Form B6F - Cont.
(12/03)

In re **Kevin P. Gudejko, Sr.**      **Dawn M. Gudejko**     ,    Case No. _____

       Debtor                                                                      (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Monogram CC Bank GA <br> P. O. Box 960061 <br> Orlando, Florida 32896 | | J | Miscellaneous charges | | | | 3,099.60 |
| ACCOUNT NO. <br><br> Sun Trust Bank Card Services <br> P. O. Box 15137 <br> Wilmington, Delaware 19886 | | J | Miscellaneous charges | | | | 12,417.47 |
| ACCOUNT NO. <br><br> VISA Ann Taylor <br> Card Member Service <br> P. O. Box 15153 <br> Wilmington, Delaware 19886 | | J | Miscellaneous charges | | | | 893.40 |
| ACCOUNT NO. <br><br> Wachovia Bank Card Services <br> P. O. Box 15137 <br> Wilmington, Delaware 19886 | | J | Miscellaneous charges | | | | 13,797.60 |
| ACCOUNT NO. <br><br> Walter E. Smythe Furniture <br> Retail Services <br> P. O. Box 17602 <br> Baltimore, Maryland 21297 | | J | Miscellaneous charges | | | | 3,286.33 |

Sheet no. _3_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ (Total of this page)

**$33,494.40**

Total ▶ (Use only on last page of the completed Schedule F.)

**$200,208.58**

(Report also on Summary of Schedules)

Form B6G
(10/89)

In re: **Kevin P. Gudejko, Sr.**                    **Dawn M. Gudejko**                    Case No. _____
                              Debtor                                                                                      (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Audi Financial**<br>**P. O. Box 0549**<br>**Carol Stream, Illinois  60132** | **Automobile purchase** |
| **Lexis Financial**<br>**P. O. Box 4102**<br>**Carol Stream, Illinois  60197** | **Automobile lease** |

B6H
(6/90)

In re: **Kevin P. Gudejko, Sr.**                    **Dawn M. Gudejko**          ,    Case No. _____
                                    Debtor                                                                (If known)

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
|                              |                              |

Form B6I
(12/03)

In re   **Kevin P. Gudejko, Sr., Dawn M. Gudejko**                , **Case No.** _____
                          Debtor                                                                    (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Colin Alexander Kevin, Jr.** | RELATIONSHIP | | AGE |
| | son | | 11 |
| | son | | 15 |
| | son | | 19 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Restaurant Supervisor** | **Store Mgr (part-time)** |
| Name of Employer | **Outback Steakhouse** | **Angelina** |
| How long employed | **4-1/2 years** | **2 years** |
| Address of Employer | **Tampa, Florida** | **Barrington, Illinois** |

| Income: (Estimate of average monthly income) | | DEBTOR | SPOUSE |
|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ | 15,246.00 | $ 1,100.00 |
| Estimated monthly overtime | $ | 0.00 | $ 0.00 |
| SUBTOTAL | $ | 15,246.00 | $ 1,100.00 |
| **LESS PAYROLL DEDUCTIONS** | | | |
| a. Payroll taxes and social security | $ | 3,000.00 | $ 100.00 |
| b. Insurance | $ | 0.00 | $ 0.00 |
| c. Union dues | $ | 0.00 | $ 0.00 |
| d. Other (Specify) | $ | 0.00 | $ 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 3,000.00 | $ 100.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | 12,246.00 | $ 1,000.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | 0.00 | $ 0.00 |
| Income from real property | $ | 0.00 | $ 0.00 |
| Interest and dividends | $ | 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ 0.00 |
| Social security or other government assistance (Specify) | $ | 0.00 | $ 0.00 |
| Pension or retirement income | $ | 0.00 | $ 0.00 |
| Other monthly income (Specify) | $ | 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | $ | 12,246.00 | $ 1,000.00 |

TOTAL COMBINED MONTHLY INCOME      **$ 13,246.00**      (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:      **NONE**

Form B6J
(6/90)

In re **Kevin P. Gudejko, Sr., Dawn M. Gudejko** _____ , Case No. _____

Debtor                                                                                    (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate
    schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 6,009.00 |
| Are real estate taxes included?   Yes _____   No ✓ | | |
| Is property insurance included?   Yes _____   No ✓ | | |
| Utilities   Electricity and heating fuel | $ | 200.00 |
|          Water and sewer | $ | 50.00 |
|          Telephone | $ | 110.00 |
|          Other   **Cable** | $ | 85.00 |
| Home maintenance (repairs and upkeep) | $ | 50.00 |
| Food | $ | 700.00 |
| Clothing | $ | 50.00 |
| Laundry and dry cleaning | $ | 20.00 |
| Medical and dental expenses | $ | 400.00 |
| Transportation (not including car payments) | $ | 75.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|          Homeowner's or renter's | $ | 180.00 |
|          Life | $ | 65.00 |
|          Health | $ | 0.00 |
|          Auto | $ | 225.00 |
|          Other _____ | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)   **Tax Installment** | $ | 600.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
|          Auto | $ | 1,180.00 |
|          Other | $ | 0.00 |
| Alimony, maintenance or support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 400.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other _____ | $ | 0.00 |

| | | |
|---|---|---:|
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | $ | 10,449.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | |
|---|---|---:|
| A. Total projected monthly income | $ | 13,246.00 |
| B. Total projected monthly expenses | $ | 10,449.00 |
| C. Excess income (A minus B) | $ | 2,797.00 |
| D. Total amount to be paid into plan each _____ **Monthly** | $ | 2,797.00 |
|                   (interval) | | |

Official Form 6 - Cont .
(12/03)

In re: <u>Kevin P. Gudejko, Sr.</u>        <u>Dawn M. Gudejko</u>        .        Case No. _____
        Debtor                                                   (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**17**_____
                                                                    (Total shown on summary page plus 1.)

sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date: ___1-3-05___        Signature: _____
                                                        Kevin P. Gudejko, Sr.

Date: ___1-3-05___        Signature: _____
                                                        Dawn M. Gudejko

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Form 7
(12/03)

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**
**Eastern Division**

In re:  Kevin P. Gudejko, Sr.            Dawn M. Gudejko              Case No. _____
        4547                             8312                         Chapter   **13**

# STATEMENT OF FINANCIAL AFFAIRS

## 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 170,000.00 | Income | 2002 |
| 175,000.00 | Income | 2003 |
| 145,700.00 | Income (to-date; approx.) | 2004 |

## 2. Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

## 3. Payments to creditors

None
☑

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

b.  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☑

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5. Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6. Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

**b.** List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7. Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8. Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Ottenheimer Teplinsky Rosenbloom Law 750 Lake Cook Road Suite 140 Buffalo Grove, Illinois  60089** | | **2,000.00** |

## 10. Other transfers

None
☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

## 11. Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

☑ None

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                              NAME USED                          DATES OF OCCUPANCY

## 16. Spouses and Former Spouses

☑ None

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

☑ None

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☑ None

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

☑ None

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None
☐

a.    If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Gudejko Restaurant Group of Chicago I | 58-2655757 | | | |
| Gudejko Restaurant Group of Chicago II | 03-0396682 | | | |
| Gudejko Restaurant Group of Chicago III | 30-0126737 | | | |
| Gudejko Restaurant Group of Chicago IV | 65-1174639 | | | |
| Gudejko Restaurant Group of Chicago V | 20-0105667 | | | |
| KXC | 59-3717908 | | | |

b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|---|---|
| | |

* * * * * *

*[if completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    1-3-05                Signature of Debtor    Kevin P. Gudejko, Sr.

Date    1-3-05                Signature of Joint Debtor    Dawn M. Gudejko

## UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois
### Eastern Division

In re:    **Kevin P. Gudejko, Sr.**          **Dawn M. Gudejko**          Case No. _____

                                                        Chapter    **13**

Debtors

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---:|
| For legal services, I have agreed to accept | $ | 2,000.00 |
| Prior to the filing of this statement I have received | $ | 2,000.00 |
| Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

   ☑ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor                    ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)   Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)   [Other provisions as needed]
        **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

        **Adversary proceedings**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    1-3-05

                                                        _____
                                                        Lester A. Ottenheimer III, Bar No.  3127572

                                                        **Ottenheimer Teplinsky Rosenbloom Law**
                                                        Attorney for Debtor(s)

B 201 (11/03)

# UNITED STATES BANKRUPTCY COURT
## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

### Chapter 7: Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2.  Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5.  Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)

1.  Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3.  Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4.  After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

### Chapter 11: Reorganization ($800 filing fee plus $39 administrative fee)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer ($200 filing fee plus $39 administrative fee)

Chapter 12 designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family - owned farm.

I, the debtor, affirm that I have read this notice.

| | | |
|---|---|---|
| 1-3-05 | | |
| Date | Signature of Debtor | Case Number |
| 1-3-05 | | |
| Date | Signature of Joint Debtor | |

02/03/04 rev.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:   Kevin P. Gudejko, Sr.
         Dawn M. Gudejko

Case No. 05-542

Judge:

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JAN 0 7 2005
KENNETH S. GARDNER
PS REP COURT, CLERK
JA

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Model Retention Agreement)

Chapter 13 gives debtors important rights, such as the right to keep property that might otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to expect certain services to be performed by their attorneys, but again, debtors have responsibilities to their attorneys also. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

***BEFORE THE CASE IS FILED***

### THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

### THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### *AFTER THE CASE IS FILED*

#### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

#### THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case before the bankruptcy court.

ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES *[Check one option.]*

☑ Option A: flat fee through confirmation        ☐ Option B: flat fee through case closing

1a. *Pre-confirmation services.* Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case, unless otherwise ordered by the court. For all of the services outlined above, required to be provided before confirmation of a plan, the attorney will be paid a fee of $ 2,000.00 . In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for pre-confirmation services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of $ _____ . In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

1b. *Post-confirmation services.* Compensation for services required after confirmation will be in such amounts as are allowed by the court, on application accompanied by an itemization of the services rendered, showing the date, time, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified that the debtor may appear in court to object.

2. *Early termination of the case.* Fees payable under the provisions set out above are not refundable in the event that the case is dismissed before confirmation (Option A) or completion of plan payments (Option B), unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

**4. *Improper conduct by the attorney*.** If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

**5. *Improper conduct by the debtor*.** If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw ormfrom the case.

**6. *Discharge of the attorney*.** The debtor may discharge the attorney at any time.

Date: ____(-3-05)____

**Total fee to be paid for attorney's services: $ 2,000.00**
**(Do not sign if this line is blank.)**

Signed: _____

_____          _____
Debtor(s)                            Attorney for Debtor(s)

**CREDITOR MATRIX FOR**
**KEVIN P. GUDEJKO AND DAWN M. GUDEJKO**

American Express
P. O. Box 360002
Ft. Lauderdale, FL   33336

American Express
P. O. Box 650448
Dallas, Texas   75265

Audi Financial
P. O. Box 0549
Carol Stream, Illinois   60132

Bank of America
P. O. Box 5270
Carol Stream, Illinois   60197

Bank One
Card Member Service
P. O. Box 15153
Wilmington, Delaware   19886

C.D.S.I. Urgent Payments
111 Sylvan Avenue
Englewood Cliffs, NJ   07632

Chase
P. O. Box 52095
Phoenix, Arizona   85072

Children's Memorial Hospital
2300 Children's Plaza
Chicago, Illinois   60614

Citicard
P. O. Box 6403
The Lakes, Nevada   88901

Discover
P. O. Box 30395
Salt Lake City, Utah   84130

EMC Mortgage
P. O. Box 6120
Covina, California   91722

Expo Credit Services
Processing Service Center
Des Moines, Iowa   50364

Fleet Credit Card Service
P. O. Box 15368
Wilmington, Delaware   19886

Gap Card
P. O. Box 530993
Atlanta, Georgia  30353

Illinois Dept. of Revenue
P. O. Box 19025
Springfield, Illinois  62794

Internal Revenue Service
230 S. Dearborn Street
Chicago, Illinois  60603

Kay Jewelers
P. O. Box 740425
Cincinnati, Ohio  45274

Lexis Financial
P. O. Box 4102
Carol Stream, Illinois  60197

MBNA America
P. O. Box 15102
Wilmington, Delaware  19886

Monogram CC Bank GA
P. O. Box 960061
Orlando, Florida  32896

Sun Trust Bank Card Services
P. O. Box 15137
Wilmington, Delaware  19886

VISA Ann Taylor
Card Member Service
P. O. Box 15153
Wilmington, Delaware  19886

Wachovia Bank Card Services
P. O. Box 15137
Wilmington, Delaware  19886

Walter E. Smythe Furniture
Retail Services
P. O. Box 17602
Baltimore, Maryland  21297

Washington Mutual
P. O. Box 70308
Charlotte, North Carolina  28272